**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALEJANDRO SANCHEZ MARRON,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, et al.,<br><br>Respondents. | Case No.:  25-cv-03327-DMS-BJW<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PETITION** |

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus ("Petition"). (Pet., ECF No. 1). Respondents filed a Return and Petitioner filed a Traverse. (Return, ECF No. 5; Traverse, ECF No. 6). After reviewing the briefs, the Court finds this matter is suitable for decision without oral argument. S.D. Cal. Civ. R. 7.1(d)(1); *Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (holding that an evidentiary hearing is not necessary when deciding only questions of law). For the following reasons, the Court grants in part and denies in part the Petition.

## I.    BACKGROUND

Petitioner, a native and citizen of Mexico, entered the United States without inspection in 2007, and currently resides in Florida. (Pet. ¶¶ 9, 22, 24). On or around September 15, 2025, Petitioner was stopped by a Florida law enforcement officer, who

referred him to Immigration and Customs Enforcement. (*Id.* ¶ 25). Petitioner was then detained and transferred to Otay Mesa Detention Center where he is still detained. (*Id.* ¶¶ 9, 25). He is charged with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i) (as being present in the United States without being admitted or paroled). (Return 1). Petitioner is currently in removal proceedings pursuant to 8 U.S.C. § 1229a. (*Id.*).

Petitioner argues that he is unlawfully detained in violation of his statutory and constitutional rights under 8 U.S.C. § 1226, the Administrative Procedure Act ("APA"), and the Fifth Amendment. (Pet. ¶¶ 28–39). Respondents maintain that Petitioner is lawfully detained under 8 U.S.C. § 1225(b)(2). (Return 1). Petitioner requests (1) a declaration that Petitioner's detention violates the Immigration and Naturalization Act, the Administrative Procedure Act, and the Due Process Clause of the Fifth Amendment; (2) a writ of habeas corpus ordering the immediate release of Petitioner or a bond hearing before an Immigration Judge; (3) an order prohibiting Respondents from continuing to detain Petitioner under § 1225(b)(2); (4) attorney fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412, or any other basis justified under law; and (5) any other relief the Court deems just and proper. (Pet. 7–8).

## II.   LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). A petitioner prevails in his petition for writ of habeas corpus if he shows that his custody violates the Constitution or laws of the United States. *Id.* § 2241(c)(3). The writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004).

## III.   DISCUSSION

### A. Jurisdiction

Respondents argue that the Court lacks jurisdiction per 8 U.S.C. § 1252(b)(9) and (g). (Return 6–9). The Court has previously considered and rejected this argument. *See Garcia v. Noem*, No. 25-cv-02180-DMS-MMP, 2025 WL 2549431, at *3–4 (S.D. Cal.

25-cv-03327-DMS-BJW

Sept. 3, 2025); *Medina-Ortiz v. Noem*, No. 25-cv-02819-DMS-MMP (S.D. Cal. Oct. 30, 2025).  Based on the reasoning of those cases, the Court again rejects this argument.[1]

### B. Merits—Detention Statutes

Petitioner argues that his mandatory detention under § 1225(b)(2) is unlawful.  (Pet. ¶ 14).  Petitioner contends that he instead falls under § 1226(a)'s discretionary detention framework.  (*Id.*).  Respondents maintain that Petitioner is properly detained under § 1225(b)(2). (Return 2–4).  The Court agrees with Petitioner.

Section 1225(b)(2)(A) provides that "an alien who is an applicant for admission, if the examining immigration officer determines that an alien *seeking admission* is not clearly and beyond a doubt entitled to be admitted, . . . shall be detained for a proceeding under [§ 1229a]." 8 U.S.C. § 1225(b)(2)(A) (emphasis added).  An "applicant for admission" is an "alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . .)."  *Id.* § 1225(a)(1). Respondents do not contend that Petitioner affirmatively applied for admission.  Rather, Respondents argue that an applicant for admission is automatically understood to be "seeking admission" within the meaning of § 1225(b)(2)(A). (*See* Return 2–4).  However, Respondents' understanding of "seeking admission" would "seemingly render that phrase mere surplusage, such that the language could be deleted while retaining the same statutory meaning." *Lopez v. Warden*, 25-cv-2527-RSH-SBC, 2025 WL 3005346, at *3 (S.D. Cal. Oct. 27, 2025).  Thus, "seeking admission requires an affirmative act such as entering the United States or applying for status, and [] it does not apply to individuals who, like [Petitioner], have been residing in the United States and did not apply for admission or a

---

[1] In a footnote, Respondents argue the Court should deny the Petition because Petitioner did not exhaust his administrative remedies. (Return 9 n.2).  The Court agrees with Petitioner, and other courts that have addressed this issue, that it would be futile to require Petitioner to exhaust his administrative remedies in light of the Board of Immigration Appeals' decision in *Yajure Hurtado*.  See *Esquivel-Ipina v. LaRose*, No. 25-CV-2672 JLS (BLM), 2025 WL 2998361, at *3–4 (S.D. Cal. Oct. 24, 2025) (finding exhaustion would be futile in light of *Matter of Yajure Hurtado*); *Vazquez v. Feeley*, No. 2:25-cv-01542-RFB-EJY, 2025 WL 2676082, at *9–10 (D. Nev. Sept. 17, 2025) (same).

change of status." *Esquivel-Ipina v. LaRose*, No. 25-CV-2672 JLS (BLM), 2025 WL 2998361, at \*5 (S.D. Cal. Oct. 24, 2025) (quoting *Mosqueda v. Noem*, No. 5:25-cv-02304 CAS (BFM), 2025 WL 2591530, at \*5 (C.D. Cal. Sept. 8, 2025)); *Garcia*, 2025 WL 2549431, at \*6.

Further, Respondents' interpretation would render the Laken Riley Act, Pub. L. No. 119-1, 139 Stat. 3 (2025), superfluous. Section 1226(c) carves out exceptions to § 1226(a), requiring certain people be detained. 8 U.S.C. § 1226(c). Specifically, § 1226(c)(1)(E) (enacted by the Laken Riley Act) requires mandatory detention for people who are inadmissible under § 1182(a)(6)(A), (6)(C), or (7) *and* charged with certain crimes not relevant here. *Id.* § 1226(c)(1)(E). As a practical matter, if § 1225(b)(2) already encompassed all inadmissible noncitizens, there would be no need to pass an amendment that required detention for those who are inadmissible under the same statutes *and* are being charged with specific crimes. *Garcia*, 2025 WL 2549431, at \*6. "A plain reading of this exception implies that the default discretionary bond procedures in Section 1226(a) apply to a noncitizen who . . . is present without being admitted or paroled but *has not been* implicated in any crimes as set forth in Section 1226(c)." *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1256 (W.D. Wash. 2025).

The Court's holding maintains a "general distinction" between §§ 1225(b) and 1226(a) as explained by the Supreme Court: § 1225(b) applies to "aliens seeking admission into the country" and § 1226 applies to "aliens already in the country." *Lopez*, 2025 WL 3005346, at \*3 (citing *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018)). Thus, the Court finds that Petitioner is being unlawfully detained under § 1225(b)(2).[2]

---

[2] In light of this determination, the Court declines to address Petitioner's arguments concerning the APA and the Fifth Amendment's Due Process Clause.

25-cv-03327-DMS-BJW

## IV.    CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART AND DENIES IN PART** the Petition.  Specifically, the Court **DENIES** Petitioner's request to be immediately released from custody and **ORDERS** that Petitioner be provided with an individualized bond hearing pursuant to § 1226(a).

Respondents must provide Petitioner with an individualized bond hearing under § 1226(a) within fourteen days of this Order.  Respondents shall not deny Petitioner's bond on the basis that § 1225(b)(2) requires mandatory detention.  The parties shall file a Joint Status Report on or before **December 22, 2025**, regarding the status of Petitioner's bond hearing.

**IT IS SO ORDERED.**

Dated:  December 5, 2025

_____

Hon. Dana M. Sabraw
United States District Judge